CARLIE CHRISTENSEN, Acting United States Attorney (#0633)
RICHARD D. McKELVIE, Assistant United States Attorney (#2205)
Attorneys for the United States of America
185 South State Street, Suite 300
Salt Lake City, Utah  84111
Telephone:  (801) 524-5682   Fax: (801) 524-4475
_____

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION
_____

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOSEPH M. SMITH, MEREDITH SMITH, NICHOLAS K. LAWS, TAD KRETH,  BRANDON LAWS, and REECE LAWS,<br><br>Defendants. | Case No.  2:09 CR 243 TS<br><br>**UNITED STATES' MEMORANDUM IN OPPOSITION TO DEFENDANT JOSEPH SMITH'S MOTION TO DISMISS**<br><br>Hon. Ted Stewart |

_____

Pursuant to DUCrimR 12-1(b)(1)(C), the United States of America hereby files its memorandum in opposition to Joseph Smith's ("Defendant's") Motion to Dismiss.  As set forth below, Defendant's motion should be denied because the Second Superseding Indictment here is not improperly multiplicitous.  Congress has clearly expressed its intent to allow separate and cumulative punishments, based upon the same underlying conduct, for the three distinct offenses charged in this case, and the Second Superseding Indictment properly charges Defendant with these same distinct offenses --each of which requires proof of a fact that the others do not.

## STATEMENT OF FACTS

On May 27, 2009, the Grand Jury returned a Second Superseding Indictment charging the Defendant with 17 felony counts of violating the Archaeological Resources Protection Act ("ARPA"), 16 U.S.C. § 470ee; eight felony counts of theft of government property in violation of 18 U.S.C. § 641; and three felony counts of theft of property from an Indian tribal organization in violation of 18 U.S.C. § 1163.  The charges arise from the Defendant's alleged sale to an FBI Confidential Source of numerous archaeological artifacts removed from public and Indian tribal lands.

Counts 1 through 6 of the Second Superseding Indictment charge Defendant with conducting three sales transactions with the Confidential Source on October 8, 2007.  The Second Superseding Indictment alleges that the Defendant's sale of a copper bracelet, a woven fiber sandal, and a turquoise pendant violated ARPA (Counts 1-3) and constituted theft of government property (Counts 4-5) and theft of property from an Indian tribal organization (Count 6).[1]

Counts 8 through 11 charge Defendant with conducting three sales transactions with the Confidential Source on January 15, 2008.  The Second Superseding Indictment alleges that the Defendant's sale of a twin effigy, an at'ladl knife, and seven polishing stones violated ARPA (Counts 8-10) and constituted theft of government property (Count 11).

---

[1] Defendant does not contend that Count 7, 17, or 28 are multiplicitous of any other count and, therefore, the United States does not address these counts in its memorandum.

Counts 12 through 14 charge the Defendant with conducting two sales transactions with the Confidential Source on February 18, 2008. The Second Superseding Indictment alleges that the Defendant's sale of a paint pot and a bolo ornament violated ARPA (Counts 12-13) and constituted theft of government property (Count 14).

Counts 15, 16, 18, and 19 charge the Defendant with conducting two sales transactions with the Confidential Source on March 25, 2008. The Second Superseding Indictment alleges that the Defendant's sale of bone beads, a shell necklace, drills and other pendants, and the subsequent sale of points, beads, and a ceramic effigy violated ARPA (Counts 15, 18) and constituted theft of property from an Indian tribal organization (Counts 16, 19).

Counts 20 through 23 charge the Defendant with conducting two sales transactions with the Confidential Source on April 23, 2008. The Second Superseding Indictment alleges that the Defendant's sales of an olla ring and a 45 bead ivory necklace violated ARPA (Counts 20, 22) and constituted theft of government property (Counts 21, 23).

Counts 24 through 27 charge Defendant with conducting two sales transactions with the Confidential Source on June 9, 2008. The Second Superseding Indictment alleges that the Defendant's sale of a collection of necklace ivory beads and a collection, which included a prayer stick, violated ARPA (Counts 24, 26) and constituted theft of government property (Counts 25, 27).

Defendant has filed a motion seeking dismissal of 14 of the 17 ARPA counts charged in the Second Superseding Indictment. Defendant claims that the Second Superseding Indictment charges him with violations of multiple statutes for the same underlying conduct and, therefore, is improperly multiplicitous and violates the Double Jeopardy Clause.

As set forth below, Defendant's motion should be denied because the Second Superseding Indictment here is not improperly multiplicitous. Congress has clearly expressed its intent to allow separate and cumulative punishments, based upon the same underlying conduct, for the three distinct offenses charged in this case, and the Second Superseding Indictment properly charges Defendant with these same distinct offenses -- each of which requires proof of a fact that the others do not.

## ARGUMENT

Defendant's motion should be denied because the Second Superseding Indictment here is not improperly multiplicitous. "Multiplicity refers to multiple counts of an indictment which cover the same criminal behavior." *United States v. Johnson,* 130 F.3d 1420, 1424 (10th Cir. 1997). Although "multiplicity is not fatal to an indictment," *id.* (quotations omitted), multiplicitous counts are considered "improper because they allow multiple punishments for a single criminal offense." *United States v. Jenkins,* 313 F.3d 549, 557 (10th Cir. 2002). "The threat of multiple sentences for the same offenses raises double jeopardy implications." *Johnson,* 130 F.3d at 1424.

In reviewing multiplicity claims, the Tenth Circuit looks to the language of the statute to determine whether Congress intended multiple convictions and sentences under the statute. *United States v. Meuli,* 8 F.3d 1481, 1485 (10th Cir.1993). "If Congressional intent cannot be discerned, [courts] apply the well-settled 'rule of statutory construction' set forth in *Blockburger v. United States,* 284 U.S. 299 (1932). . . ." *United States v. Morehead,* 959 F.2d 1489, 1506 (10th Cir.1992), *aff'd on reh'g en banc sub nom. United States v. Hill,* 971 F.2d 1461 (10th Cir.1992). Under *Blockburger*, "[t]he same act or transaction may constitute separate offenses if each offense requires some fact not required to establish the other." *Meuli,* 8 F.3d at 1485; *see also United States v. Morris,* 247 F.3d 1080, 1083 (10th Cir. 2001) (A "person may be prosecuted for more than one crime based on the same conduct (1) if each crime requires proof of a fact that the other does not or (2) if Congress has clearly expressed its intent to impose cumulative punishment for the same conduct under different statutory provisions.") .

In this case, the Indictment is not improperly multiplicitous because Congress intended to allow separate punishment for the three distinct offenses which are charged here. There is nothing in the language of ARPA, 18 U.S.C. § 641, or 18 U.S.C. § 1163 -- the statutes under which all the disputed counts were charged -- which indicates that Congress intended that a conviction under one statute would prohibit a simultaneous conviction under another based upon the same general conduct. *See U.S. v. Woodward*, 469 U.S. 105, 108-10 (1985) (indictment not multiplicitous where Congress allowed for

separate punishment for distinct offenses of making false statement to federal agency and intentionally failing to report transporting over $5,000 into country); *United States v. Barrett*, 496 F.3d 1079, 1096 (10th Cir. 2007) ("[N]othing suggests that Congress intended that a conviction under § 848(e)(1)(B) would prohibit a simultaneous conviction under § 924(c), even though the two convictions may be based on the same general act of using a firearm).

Even if Congressional intent cannot be discerned from the language of these three statutes, Defendant's motion must still be denied because the counts at issue here, while based upon the same underlying transactions, involve separate and distinct offenses, each of which requires "proof of a fact that the others did not." To carry its burden of proof under ARPA (Counts 1-3, 8-10, 12-13, 15, 17-18, 20, 22, 24, 26 and 28), the United States must prove that the object sold or transferred is an archaeological resource. This means the United States must prove that the object is material remains of past human life or activities, of archaeological interest, and at least 100 years of age. *See* 16 U.S.C. § 470bb(1). ARPA also requires proof that the object sold or transferred is valued in excess of $500 and was unlawfully taken from public or tribal lands. *See* 16 U.S.C. § 470ee(b)(1).

To establish a violation of 18 U.S.C. § 641, theft of government property (Counts 4, 5, 11, 14, 21, 23, 25, 27), the United States need not prove that the object was an archaeological resource, but rather property belonging to the United States. Additionally,

6

the United States must prove that the property is valued in excess of $1,000 and that the Defendant intended to convert the property to his own use or gain knowing that the property had been embezzled, stolen, purloined or converted.

Finally, to establish a violation of 18 U.S.C. § 1163, theft from an Indian tribal organization (Counts 6, 16, 19), the United States need not prove that the object was an archaeological resource, but rather an asset or property belonging to an Indian tribal organization. In addition, the United States must prove that the property is valued in excess of $1,000 and that the Defendant intended to convert the property to his own use or gain. Clearly, each of these counts, while based upon the same underlying conduct, constitute separate offenses which require proof of distinct facts.

Although Defendant acknowledges that the *Blockburger* test is applicable here, he fails to undertake any analysis of its application to these facts. Defendant does not identify any evidence of Congressional intent to prohibit separate punishment for the conduct charged in this case. Nor does Defendant successfully establish that the offenses charged here require proof of the same set of facts.

Further, even if this Court were to find that the Second Superseding Indictment here is improperly multiplicitous, Defendant's remedy is not dismissal of all but three of the charged ARPA counts. Rather, the United States is entitled to elect between multiplicitous counts and choose those counts on which it will proceed. *See United States*

*v. Seda*, 978 F.2d 779, 782 (2nd Cir. 1992) (requiring government to elect between multiplicitous counts is proper remedy).

Accordingly, because there is nothing in the language of ARPA, 18 U.S.C. § 641 or 18 U.S.C. § 1163 which indicates that Congress intended to preclude multiple convictions and sentences for violations of these three distinct statutes, and because the Superseding Indictment here properly charges Defendant with criminal conduct under these three distinct statutory schemes -- each of which requires proof of a fact that the others do not -- Defendant's motion to dismiss should be denied.

DATED this 1st day of April, 2010.

                                                                        CARLIE CHRISTENSEN
                                                                        Acting United States Attorney


                                                                       /s/ Carlie Christensen
                                                                       CARLIE CHRISTENSEN
                                                                       RICHARD D. MCKELVIE
                                                                       Assistant United States Attorneys

CERTIFICATE OF SERVICE

      I hereby certify that I am an employee of the United States and that a copy of the United States' Memorandum in Opposition to Defendant's Motion to Dismiss was electronically transmitted to all parties named below, this 1st day of April, 2010:

      Benjamin A. Hamilton
      Assistant Federal Defender
      46 West Broadway, Suite 110
      Salt Lake City, UT   84101

      /s/Carlie Christensen