IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br><br><br><br>vs.<br><br><br>JOSEPH SMITH, et al.<br>    Defendants. | MEMORANDUM DECISION AND<br>ORDER DENYING PLAINTIFF'S<br>MOTION TO EXCLUDE<br>TESTIMONY OF DACE HYATT<br><br><br><br><br>Case No. 2:09-CR-243 TS |

Defendant Joseph Smiths has filed a notice to rely on the expert testimony of Dace Hyatt regarding "the value and authenticity of the artifacts in question."[1]  This matter is before the Court on the government's Motion to Exclude Testimony of Dace Hyatt.[2] A *Daubert* hearing was held on February 4, 2011, at which time the Court ordered simultaneous additional briefing on the matter.  The parties have now filed their memoranda, and for the reasons discussed below the Court will deny the Motion.

---

[1]Docket Nos. 166, 171.

[2]Docket No. 172.

## I. ARGUMENTS PRESENTED BY THE PARTIES

The government challenges Hyatt's qualifications. Hyatt has no formal education in the field of antiquities, but he has "over twenty years of experience in the market."[3] His experience involves authenticating, purchasing, and reselling Native American artifacts.

The government also challenges Hyatt's reliability based on a misrepresentation in his expert report and on his valuing every artifact under $500.00, which is the line of demarcation between Defendant's potentially having committed a felony or a misdemeanor. At the time Hyatt's expert report was filed with the Court, Hyatt had not physically examined the artifacts at issue, but had based his report on photographs. However, in the report Hyatt claims to have conducted "a microscopic evaluation" of one of the items. In the hearing Hyatt stated this was a "typo," and he apologized for it. The government further challenges Hyatt's reliability because of the large number of artifacts he claims are not authentic and the frequency that his valuations are just below $500.00.

Smith argues that Hyatt has twenty years of experience in the relevant market and operates a business "whose success depends upon accurate appraisal."[4] Thus, he qualifies as an expert by "experience, skill, training, and knowledge."[5] In response to the questions regarding Hyatt's reliability, Smith argues that questions of bias and credibility are appropriate matters of cross examination and not the basis for exclusion of expert testimony. Additionally, Smith

---

[3]Docket No. 172, at 2 (quoting resume of Dace Hyatt).

[4]Docket No. 185, at 3.

[5]*Id.*

2

contends that the fact that Hyatt based his findings on photographs is a non-issue because Hyatt

has had the opportunity to physically examine the artifacts.

## II.  LEGAL STANDARD

"'Expert testimony is properly admitted if the subject matter is closely related to a

particular profession, business or science and is not within the common knowledge of the

average layperson.'"[6]  FED.R.EVID. 702 governs the admissibility of expert testimony.

> If scientific, technical, or other specialized knowledge will assist the trier of fact
> to understand the evidence or to determine a fact in issue, a witness qualified as an
> expert by knowledge, skill, experience, training, or education, may testify thereto
> in the form of an opinion or otherwise, if (1) the testimony is based upon
> sufficient facts or data, (2) the testimony is the product of reliable principles and
> methods, and (3) the witness has applied the principles and methods reliably to the
> facts of the case.[7]

The rule applies to expert testimony based both on scientific knowledge and on

specialized knowledge.[8]  An expert's testimony should not be "treated more permissively simply

because it is outside the realm of science."[9]  It is clear from the rule itself that expert testimony

may be based on "experience alone—or experience in conjunction with other knowledge, skill,

---

[6]*United States v. Batton*, 602 F.3d 1191, 1201 (10th Cir. 2010) (quoting *United States v. Kunzman*, 54 F.3d 1522, 1530 (10th Cir. 1995)).

[7]FED.R.EVID. 702.

[8]FED.R.EVID. 702 advisory committee's note (2000 Amendments); *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999).

[9]FED.R.EVID. 702 advisory committee's note (2000 Amendments) (citing *Watkins v. Telsmith, Inc.*, 121 F.3d 984, 991 (5th Cir. 1997)).

training or education."[10]  Formal training is not required.[11]  However, "[i]f the witness is relying

solely or primarily on experience, then the witness must explain how that experience leads to the

conclusion reached, why that experience is a sufficient basis for the opinion, and how that

experience is reliably applied to the facts."[12]

Rule 702 "affirms the trial court's role as a gatekeeper and provides some general

standards that the trial court must use to assess the reliability and helpfulness of proffered expert

testimony."[13]  The trial court must demonstrate that it performed its gatekeeping function by

making specific findings on the record.[14]  "Specifically, the court 'must first determine whether

an expert is qualified by knowledge, skill, experience, training, or education to render an opinion.

Second, if the court determines that a witness is qualified, it must then determine whether her

opinions are reliable.'"[15]

---

[10]*Id.* (citing *United States v. Jones*, 107 F.3d 1147 (6th Cir. 1997)).

[11]*See Agee v. Purdue Pharmaceuticals, Inc.*, 2004 WL 5352989, at *2 (W.D. Okla. Nov. 22, 2004) (citing *United States v. Proctor, Nos. 97-5242, 97-5246*, 1998 WL 812057, at *4 (10th Cir. Nov. 23, 1998)).

[12]FED.R.EVID. 702 advisory committee's note (2000 Amendments)  (citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 43 F.3d 1311, 1319 (9th Cir. 1995)).

[13]*Id.*

[14]*United States v. Yeley-Davis*, ___F.3d___, 2011 WL 167249, at *8 (10th Cir. Jan. 20, 2011); *United States v. Roach*, 582 F.3d 1192, 1207 (10th Cir. 2009).

[15]*Id.* (quoting *Milne v. USA Cycling Inc.*, 575 F.3d 1120, 1133 (10th Cir. 2009)).

Arguments that speak to the weight that should be afforded expert testimony do not affect the admissibility of the testimony.[16]  It is the jury's role to determine the weight expert testimony should be given.[17]  The clear distinction between weight and admissibility is demonstrated in *Compton v. Subaru of America, Incorporated*, where the Tenth Circuit affirmed a district court's decision to admit expert testimony in spite of the court's "extremely low opinion of [the expert's] credibility" because the testimony satisfied Rule 702.[18]

## III.  DISCUSSION

Hyatt's expertise is established by his experience in the field of Native American artifacts.  As stated above, experience can establish the expertise of an expert witness.  Hyatt's two decades of experience in authenticating and valuating artifacts qualifies him as an expert in this matter.

Hyatt's reliability is also established by the evidence before the Court.  He has operated a business for several years in which reliably authenticating and valuating artifacts are essential.  Smith has also submitted video evidence showing the high respect persons who regularly deal with artifacts have for Hyatt.  Lastly, Smith has submitted communication from the director of

---

[16]*McDonald v. N. Am. Specialty Ins. Co.*, 224 Fed. Appx. 761, 767 (10th Cir. 2007) (collecting cases).

[17]*McCoy v. Whirlpool Corp.*, 287 Fed. Appx. 669, 679 (10th Cir. 2008) ("Maintaining the distinction between a court's reliability determination under Rule 702 and a sufficiency or merits determination is 'indeed significant as it preserves the fact finding role of the jury.'" (quoting *In re TMI Litig.*, 193 F.3d 613, 665 n.90 (3d Cir. 1999))).

[18]82 F.3d 1513, 1520 (10th Cir. 1996) *overruled on other grounds by Kumho Tire Co.*, 526 U.S. at 147, 149.

the Peabody Museum of Archaeology and Ethnology at Harvard University indicating his respect for and willingness to rely on Hyatt's opinions regarding Native American artifacts.

The government's objections to Hyatt's "reliability" are actually objections that speak to the weight his testimony should be given and not to his reliability under the *Daubert / Kuhmo Tire* standard. The underlying claim of the government's argument is that Hyatt's personal bias against the government's investigation and prosecution in this matter is causing him to undervalue the artifacts at issue. This argument speaks to the weight to be assigned Hyatt's testimony and not his reliability. The government has demonstrated its ability to forcefully make its argument through cross examination, which is the appropriate means to question the assignment of weight to an expert's testimony. The Court will not infringe on the jury's role by making a determination as to the weight Hyatt's testimony deserves.

In conclusion, Hyatt meets the standards of Rule 702 to qualify as an expert witness in this matter. His specialized knowledge in authenticating and valuating artifacts may assist the jury in this matter. His twenty years of experience in the market of archeological antiquities and the knowledge exhibited in his testimony at this hearing are sufficient for him to qualify as an expert based on his knowledge, skill, and experience. He has demonstrated that his appraisals and authentications have proven reliable in the past and that he applied the same techniques he commonly uses when authenticating and appraising the artifacts present in this matter. The government has raised valid questions as to Hyatt's bias and interest in this case and have questioned his arriving at appraisal amounts beneficial to the Defendants. These concerns are appropriate to bring before a jury though cross-examination.

## IV.  CONCLUSION

Based on the foregoing, is it hereby

ORDERED that the government's Motion to Exclude Testimony of Dace Hyatt (Docket No. 172) is DENIED.  The time from the filing of the Motion through the date of this Order is excluded from computing time under the Speedy Trial Act.  18 U.S.C. §§ 3161(h)(1)(D) & 3161(h)(1)(H).  Additionally, for the reasons stated in the government's Motion to Continue (Docket No. 176) and in Defendants' Replies to that Motion, the time from the date granting that Motion until the trial commences on May 4, 2011, is excluded from time under the Speedy Trial Act.

DATED   March 8, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge